**ORIGINAL**

## PRO SE COMPLAINT AND INJUNCTION, FILED MAY 12, 2023 in U.S.District Court Hawaii

Inbox



Susan Liang <sueliang62@gmail.com>          3:07 PM (25 minutes ago)

to me

No IFP

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 12 2023

at 4 o'clock and 41 min. P M
CLERK, U.S. District Court  LS

cc: Filer

IN THE U.S.DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KATHRYN XIAN, pro se; | COMPLAINT AND REQUEST FOR INJUNCTION |
| JULIE C. VALADEZ, pro se; | |
| SUSAN LIM LIANG, pro se; | |
| PROTECTIVE MAKUA, pro se; | Case No. CV23-00211 JAO WRP |
| JANE DOES 1-50; | |
| JOHN DOES 1-50. | |
| v. | |
| MOLLY JASMER; | |
| DETECTIVE TREVOR G. HINMAN; | |
| KURT SCHUSTER; | |
| RICARDO VALADEZ; | |
| MARIA VALADEZ; | |
| RALPH M. RAMIREZ; | |
| DETECTIVE SHELLY FISHER; | |
| RICARDO, VALADEZ, SR.; | |
| MARIA VALADEZ; | |
| OFFICER MUIR, | |

Received By Drop-Box

**RECEIVED**
CLERK, U. S. DISTRICT COURT

MAY 12 2023  4.41 pm

DISTRICT OF HAWAII
                              LS

FSC, D.O., R16,
Mailed On
Date 5/15/2023
                LS

BLANK IFP,
PRO SE HANDBOOK

DELAVAN POLICE )
DEPARTMENT; )
SPECIAL AGENT )
ERIN LUCKER; )
U.S. ATTORNEY )
GREGORY J. )
HAANSTAD. )

## COMPLAINT AND REQUEST FOR INJUNCTION

I. The Parties to this Complaint:

    A. The Plaintiffs:

Kathryn Xian
4348 Waialae Avenue #248
Honolulu, HI 96816
PH: (808) 387-2968
Email Address: kathrynxian808@gmail.com

c/o British Columbia Immigration
Holding Center
1313076 Avenue
Surrey B.C.
Canada V3W 2V6
PH: 1-778-591-4101
FAX: (604) 666-0091

Julie C. Valadez
c/o British Columbia Immigration Holding Center
1313076 Avenue
Surrey, B.C.
Canada V3W 2V6
FAX: (604) 666-0091

Susan Lim Liang
1690 Ala Moana Blvd, #100
Honolulu, HI 96815
PH: (808) 542-5175
Email Address: sueliang62@gmail.com

Protective Makua
4348 Waialae Avenue #248

Honolulu, HI 96816

Jane Does 1-50
John Does 1-50

    B. The Defendants:

Molly Jasmer
1320 Pewaukee Rd.
Waukesha, WI 53188
PH: (262) 548-7432
FAX: (263) 548-7490

Detective Trevor G. Hinman
c/o Delavan Police Department
123 S. 2nd Street #1
Delavan, WI 53115
PH: (262) 728-6311
Email Address: none

Kurt Schuster
c/o Shuster Law, S.C.
707 West Moreland Blvd. Suite 3
Waukesha, WI 53188
PH: (262)565-0029
Email: none

Ricardo Valadez
2226 Patricia Lane
Waukesha, WI 52188

Ricardo Valadez, Sr.
1112 Birchwood St.
Delavan, WI 53115

Ralph M.Ramirez, Judge
c/o Waukesha County Courthouse
515 W. Moreland Blvd.
Waukesha, WI 53188
PH: (262) 896-8410
FAX: (262) 548-7546

Detective Shelly Fisher
c/o City of Waukesha Police Dept.

1991 Delafield St.
Waukesha, WI 53188
PH: (262) 524-3831

II. Basis for Jurisdiction

   A. Federal Question Jurisdiction of This Court:

      1) The U.S. Constitution: Amend-Ments 1 (Right of Association including the right to legally politically protest, freedom of speech and thought, right to. travel and right to liberty, including freedom of movement, freedom of movement interstate and internationally, 4, 5, 8 including freedom from being hunted or stalked for the purpose intimidation and murder, right to live free from fear; Amendment 14 (Due Process. Clause, right not to have custody adjudicated sua sponte and without presentation by plaintiff on the question of the fundamental right to parent her children; Equal Protection Clause, right to live free from "property in man" [or women, in Instant case]); right to present material evidence as a competent witness, FRE 601 on the question of a fundamental right to parenting, of a fit parent (Troxel v. Granville, 530 U.S. 57, fundamental right of a fit mother; M.L.B. v. S.L.J. 519 U.S.102). 42 U.S.C.sec.1983. 18 U.S.C.sec.1964(c).

      2) under the agreement with. Canada, based on the

materially defective arrest warrants issued by the Wisconsin police departments named in this complaint in violation of Wis._____, and the Canadian sworn declarations of alleged facts, and Canada's Illegal actions based on those arrest warrants for alleged crimes committed by plaintiffs Kathryn Xian and Julie C. Valadez (Canada deprived and still is depriving Kathryn Xian and Julie C. Valadez of ltheir liberties.):

a) The U.S. no longer empirically deserves its status as____

b) and Canada's detention of and denial of liberty to Kathryn Xian and Julie C.Valadez no longer meets but instead violates its Charter of Rights and Freedoms as applied to Refugees, and requires it to review the U.S. status as unsafe, given defendant law enforcement's materially defective investigations of alleged crimes committed by Plaintiffs Kathryn Xian and Julie C.Valadez.

B. Diversity Jurisdiction of This Court:

1. Plaintiffs:

a) Plaintiff Kathryn Xian is a citizen of the State of

Hawaii;

b). Plaintiff Julie C. Valadez is a citizen of the State of Wisconsin;

c). Susan Lim Liang is a citizen of the State of Hawaii;

d). Protective Makua, a 501(c)(3) is a non-profit organized under the laws of the State of Hawaii;

2. Defendants:

a) Molly Jasmer is a citizen of the State of Wisconsin;

b) Trevor G. Hinman is a citizen of the Stste of Wisconsin;

c) Kurt Schuster is a citizen of the State of Wisconsin;

d) Ricardo Valadez is a citizen of the State of Wisconsin;

e) Marie Valadez is a citizen of the State of Wisconsin;

f) Ralph M. Ramirez is a citizen of the State of Wisconsin;

g) Shelly Fischer is a citizen of the State of Wisconsin;

h) Officer Miur is a citizen of the State of Wisconsin;

l) Erin Lucker is a citizen of the State of

State of Wisconsin;

j) Gregory J. Haanstad is
a resident of the State of
State of Wisconsin.

C. The Amount in Controversy is
15 million dollars at its valuation
as of January 11, 2023.

Plaintiff Kathryn Xian is legally and constitutionally entitled to the injunction she asks this court to order against defendants, to include the following, because the actions of the defendans described herein have caused her the following irreparable harms:

1. She has lost her fundamental rights to
travel to Oahu to continue her law
studies at William S. Richardson
School of Law, losing a future as a lawyer if defendants continue their illegal courses of action based on materially defective police reports giving rise to unconstitutional (42 U.S.C.sections 241, 242; 18 U.S.C.S. section 1962) criminal complaints upon which were issued arrest warrants against Julie C.Valadez then Kathryn Xian, communications with Canadian officials to detain them on false allegations felonies had been committed by them.

2. She has been cruelly and specious deprived of her good name and standing in the community of Hawaii that was built up over decades through her pioneering work against violence against women and girls (Girlfest Hawaii, Pacific Alliance to Stop Slavery, Protective Mskua, teaching the community about sex-trafficking of young women and girls from their families in Hawaii, and about labor trafficking on board of fishing boats and on local farms).

3. She was a pioneer and the key force in legally ending sex tourism in and from Hawaii to foreign countries where very young children are prostituted to
male tourists from Hawaii and other states in the U.S.

4. She has been forced to end her car rental service of two cars via Turo because of her illegal detention by Canada based on false police reports and the illegal arrest warrants and future prosecution of her in Wisconsin for comes not committed. Her car rental service provided economic support through law school. The penalty for any conviction for these false criminal charges is 12 years in prison in Wisconsin. It is unlikely that prisoners and guards in those prisons would be well-disposed not to discriminate against Kathryn who LGBT.

Julie C.Valadez is legally and constitutionally entitled to the injunction against the actions of these defendants including the quashing or voiding of the arrest warrants against her and Kathryn.

She still has legal custody of Ethan, whom defendants allege is the victim of these Plaintiffs "criminal acts". There is a legal, enforceable written stipulation signed by Julie C.Valadez and defendant Ricardo Valadez, giving custody of her children to her.

Defendant law enforcement officials failed to include this stipulation for custody in their police reports. That material fact that a legal custody rider existed and still exists would have prevented the creation of any criminal complaints of taking the custody of another and conspiring to do so.

Further, Defendant Ricardo Valadez admitted on police cam that he did not want Ethan as the latter was a problem for him. (Detective Hinman, Supplemental Report No.23000655, January 17, 2023.) This material fact was included in a police report, the legal significance of which defendant law enforcement officers failed to consider as material to the question of whether criminal charges should be brought at all.)

Julie C. Valadez has been fighting pro se in Wisconsin Courts for years. A Court of Appeals affirmed she possessed custody of her children _____ and ordered lower courts to follow those orders.

She has been kept apart from her children for almost two years. Ricardo Valadez has repeatedly stalked or hunted down the addresses of her safe houses, keeping her in constant fear.

Julie C.Valadez's reports to police of felonious rapes by her ex-husband Ricardo Valadez have been discounted on police reports and conversations (See Detective Shelly Fischer testifying at Judge Ramirez's sua sponte re-do of Julie's legal custody) but not for reasons of scientific investigations of Julie's claims of criminal harm to her, Daubert v. Merrell Pharmaceuticals; 14th Amendment's Equal Protection and Due Process Clauses)

Law enforcement defendants have evaluated her as the "type" of woman who constantly complains to law enforcement (Special Agent Erin Lucker).

MBut that, Plaintiffs allege, is not an in-depth fact-based investigation of Julie's claims of felonious harm committed multiple times by her ex husband. FRE 601. U.S. Constitution, 14th Amendment Equal Protection clause.

Judge Ralph M.Ramirez assigned himself the ultra vires duty of sua sponte relitigating Julie's stipulated right to custody. As a result a new crime was

created which only Plaintiffs Julie C. Valadez and Kathryn Xian could commit merely by living out Julie C.Valadez's right to live with and guide Ethan Valadez, her child. Meyer v.Nebraska.

Judge Ralph M. Ramirez made that right of Julie to raise Ethan sua sponte illegal. He also ordered no communication between Julie and Ethan by email, text, or other smartphone or computer apps.

As to be expected when a mother and child have an established relationship between themselves, Ethan panicked at the thought of his relationship with his mom being severed.

He spoke to plaintiffs Julie and Kathryn of getting his birth certificate in order to get a passport for himself. He asked how long it might take to get one.

Detectives and police from the City of Delavan failed to notice Ethan's panic at the thought of being cut completely off from his mother. Troxel v. Grandville. Molly Jasmer's testimony against Julie Valadez's right to custody of her children. Attorney for Ricardo Valadez was present for Judge Ramirez's unconstitutional, illegal re-do of Julie's custody. Ricardo's parents, Ricardo Senior and Maria Valadez support Ricardo's right to custody despite the written stipulation consented to by their son.

What was completely normal before the ultra vires actions of Defendant Judge Ralph M.Ramirez's creating a special crime only for Julie -- if she engaged or dared to engage in a "new" but "illegal" mother-son relationship with Ethan -- is now illegal and allegedly enforceable criminally against plaintiffs Julie C.Valadez, Kathryn Xian, and now, having been deported from Canada to Wisconsin, against Ethan Valadez.

For these reasons, and to include further acts not mentioned for brevity's sake taken by defendants, Plaintiffs ask for an expedited injunction to prevent Wisconsin together with Canada from futher harming Plaintiffs through their unconstitutional actions to seize or have others in other states (Honolulu Police Departmrnt, Maui Police Department, State of Hawaii Office of the Attorney General) seize the persons of Julie C.Valadez, or to keep detaining them in Canada and/or allowing their persons to be seized by Wisconsin and/or federal law enforcement -- in order to prosecute Plaintiffs based on illegal and. unconstitutional criminal complaints.

Plaintiffs ask this Honorable court for an expedited injunction restraining implementation of any and all arrest warrants arisng out of said unconstitutional and illegal acts committed by defendants, because all monetary damages that we claim have and will continue to flow from them -- are caused by their threatened full implemetation.

CERTIFICATION AND CLOSING

Under Federal Rules of Civil Procedure, bybsiging below, we certify to the best of my knowledge, information and belief, that this complaint and request for injunction:

1) is not being presented for improper purpose such as to harass, cause unnecessary delay or needlessly increase the cost of litigation;

2) is supported by existing law or a non-frivolous argument for extending, modifying, or reversing existing law;

3) the factual.contentions have evidentiary support, or if specifically identified*, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

4) the complaint otherwise complies with the requirements of Rule 11.

I, Susan Lim Liang, signs this in the presence of a notary public on May 12, 2023.

_____
Susan Lim Liang, pro se plaintiff

Date 5/12/23

---

*See Defendants Officer Muir, Gregory Haastad, U.S.Attor Ricardo Valadez, Sr., Maria Valadez.